# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IRON OAK TECHNOLOGIES, LLC, <br>     *Plaintiff*, <br> v. <br> SIERRA WIRELESS, INC., and <br> SIERRA WIRELESS AMERICA, INC. <br>     *Defendants*. | CASE NO. _____ <br><br> **JURY** |

## ORIGINAL COMPLAINT

For its complaint against Defendants Sierra Wireless, Inc. and Sierra Wireless America, Inc. (collectively "Defendants") Plaintiff Iron Oak Technologies, LLC ("Iron Oak") alleges:

## PARTIES

1. Plaintiff Iron Oak is a limited liability company organized under the laws of the State of Texas and has its principal place of business at 3605 Scranton Drive, Richland Hills, Texas, 76118. Iron Oak is a technology development company wholly owned by prolific inventors William (Bill) C. Kennedy III of Dallas and Kenneth R. Westerlage of Ft. Worth. Mr. Kennedy and/or Mr. Westerlage are named inventors on each of the 22 patents owned by Iron Oak.

2. Sierra Wireless, Inc. is a corporation organized and existing under the laws of Canada, and having a principal place of business located at 13811 Wireless Way, Richmond, British Columbia, V6V 3A4. The contentions in this paragraph will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

3. Sierra Wireless America, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at Suite A – 2738 Loker Ave West, Carlsbad, CA

92010. Sierra Wireless America, Inc. may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801. The contentions in this paragraph will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

## NATURE OF ACTION, JURISDICTION AND VENUE

4. This is an action for patent infringement under the Patent Act, 35 U.S.C. § 1 et seq.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question) and § 1338 (Patent, Trademark and Unfair Competition).

6. Venue is proper in this district under 28 U.S.C. § 1391(c)(3) and 1400(b) at least because defendant Sierra Wireless, Inc. is a Canadian entity and Sierra Wireless America, Inc. resides in this District through incorporation.

## FACTS COMMON TO ALL COUNTS

7. Iron Oak is the owner through assignment of U.S. Patent No. 5,699,275 issued December 16, 1997 ("the '275 Patent"), which is valid and enforceable. The '275 Patent is directed to a system and method for remote patching of operating code located in a mobile unit. A true and correct copy of the '275 patent is attached as Exhibit A.

8. Iron Oak is the owner through assignment of U.S. Patent No. 6,148,202 issued November 14, 2000 ("the '202 Patent"), which is valid and enforceable. The '202 Patent is directed to a vehicle locating and communicating method and apparatus. A true and correct copy of the '202 patent is attached as Exhibit B.

9. Iron Oak is the owner through assignment of U.S. Patent No. 6,240,295 issued May 29, 2001 ("the '295 Patent"), which is valid and enforceable. The '295 Patent is directed to a system and method for remote patching of operating code located in a mobile unit. A true and correct copy of the '295 patent is attached as Exhibit C.

10. Iron Oak is the owner through assignment of U.S. Patent No. 6,295,449 issued September 25, 2001 ("the '449 Patent"), which is valid and enforceable. The '449 Patent is directed to a vehicle locating and communicating method and apparatus. A true and correct copy of the '449 patent is attached as Exhibit D.

## COUNT I

### Infringement of the '275 Patent

11. The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

12. Defendants have committed acts of direct and indirect patent infringement of the '275 Patent by making, using, selling, offering to sell, and importing products, including but not limited to the products described in Exhibit E ("accused products"), for at least the reasons described therein.

13. In addition to directly infringing the '275 Patent through making, using, selling, offering to sell, and importing the accused products, the use of Defendants' accused products by others, as intended by Defendants and in accordance with instructions provided by Defendants, directly infringes the '275 Patent. Specifically, Defendants sell the accused products to customers in the United States with the expectation and intent that such customers will use and/or resell the accused products thereby directly infringing the '275 Patent. As such, Defendants have induced infringement of the '275 Patent.

14. Defendants' accused products are not staple articles of commerce and have no substantial uses that do not infringe the '275 Patent. Specifically, because Defendants' accused products themselves infringe the '275 Patent, any use or sale thereof infringes the '275 Patent. As such, Defendants' sale, offering for sale and importation into the United States of Defendants' accused products also constitutes contributory infringement of the '275 Patent.

15. Defendants had knowledge of the '275 patent prior to the filing of the Original Complaint in this action, as shown at least by Exhibit F.

16. At all relevant times, Plaintiff has complied with any applicable obligations required by 35 U.S.C. § 287.

17. Defendants' infringement of the '275 patent was willful. Despite knowing of the '275 Patent, Defendants engaged in acts that infringe the '275 Patent.

18. Iron Oak has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Iron Oak in an amount that adequately compensates it for which, by law, cannot be less than a reasonable royalty, together with interest and costs, including lost profits, as affixed by this Court under 35 U.S.C. § 284.

## **COUNT II**

### **Infringement of the '202 Patent**

19. The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

20. Defendants have committed acts of direct patent infringement of the '202 Patent by making, using, selling, offering to sell, and importing products, including but not limited to the products described in Exhibit E ("accused products"), for at least the reasons described therein.

21. Defendants had knowledge of the '202 patent prior to the filing of the Original Complaint in this action, as shown at least by Exhibit F.

22. At all relevant times, Plaintiff has complied with any applicable obligations required by 35 U.S.C. § 287.

23. Iron Oak has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Iron Oak in an amount that adequately compensates it for, which, by law, cannot be less than a reasonable royalty, together with interest and costs, including lost profits, as affixed by this Court under 35 U.S.C. § 284.

## COUNT III

### Infringement of the '295 Patent

24. The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

25. Defendants have committed acts of direct patent infringement of the '295 Patent by making, using, selling, offering to sell, and importing products, including but not limited to the products described in Exhibit E ("accused products"), for at least the reasons described therein.

26. Defendants had knowledge of the '295 patent prior to the filing of the Original Complaint in this action, as shown at least by Exhibit F.

27. At all relevant times, Plaintiff has complied with any applicable obligations required by 35 U.S.C. § 287.

28. Iron Oak has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Iron Oak in an amount that adequately compensates it for, which, by law, cannot be less than a reasonable royalty, together with interest and costs, including lost profits, as affixed by this Court under 35 U.S.C. § 284.

## COUNT IV

### Infringement of the '449 Patent

29.     The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

30.     Defendants have committed acts of direct patent infringement of the '449 Patent by making, using, selling, offering to sell, and importing products, including but not limited to the products described in Exhibit E ("accused products"), for at least the reasons described therein.

31.     Defendants had knowledge of the '449 patent prior to the filing of the Original Complaint in this action, as shown at least by Exhibit F.

32.     At all relevant times, Plaintiff has complied with any applicable obligations required by 35 U.S.C. § 287.

33.     Iron Oak has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Iron Oak in an amount that adequately compensates it for, which, by law, cannot be less than a reasonable royalty, together with interest and costs, including lost profits, as affixed by this Court under 35 U.S.C. § 284.

## PRAYER

**WHEREFORE**, Iron Oak requests judgment against Defendants as follows:

1.     An award of damages, increased as deemed appropriate by the court, under 35 U.S.C. § 284;

2.     An award of attorneys' fees under 35 U.S.C. § 285;

3.     An award of prejudgment interest and costs of the action; and

4.     Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

October 23, 2017

        Respectfully submitted,

        PINCKNEY, WEIDINGER, URBAN & JOYCE LLC

        */s/ Helena C. Rychlicki*
        Elizabeth Wilburn Joyce (DE No. 3666)

OF COUNSEL        Helena C. Rychlicki (DE No. 3996)
        3711 Kennett Pike, Suite 210

Robert J. McAughan, Jr.        Greenville, DE 19807
TX State Bar No. 00786096        (302) 504-1497 (telephone)
bmcaughan@smd-iplaw.com        (302) 655-5123 (facsimile)
Albert B. Deaver, Jr.        ewilburnjoyce@pwujlaw.com
TX Bar No. 05703800        hrychlicki@pwujlaw.com
adeaver@smd-iplaw.com
David L. Terrell
TX Bar No. 24063030        *Attorneys for Plaintiff Iron Oak Technologies, LLC*
dterrell@smd-iplaw.com
SUTTON MCAUGHAN DEAVER PLLC
Three Riverway, Suite 900
Houston, TX 77056
(713) 800-5700 (T)
(713) 800-5699 (F)